FILED
 2016 Oct-28  AM 09:50
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **VICTORIA DAWN PHILLIPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:16-CV-1450-VEH |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Victoria Dawn Phillips ("Ms. Phillips") commenced this action against Defendant Stacie Annette Brown ("Ms. Brown") in the Circuit Court of Dekalb County, Alabama on May 11, 2016, seeking to recover damages for injuries suffered as a result of an automobile accident between Ms. Brown, an employee of the United States Postal Service, and herself. (Doc. 1 at 6, ¶ 2-3). All of Ms. Phillips's claims sound in tort.

Ms. Brown removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1)[1] on September 2, 2016. Attached to the Removal Motion are Ms.

---

[1] 28 U.S.C. § 1442(a)(1) sets out in relevant part:

   **(a)**   A civil action or criminal prosecution that is commenced in a State court and that

Phillips's Complaint (doc. 1 at 6-9) and Ms. Brown's state court Motion To Dismiss, which was originally filed in the Circuit Court of Dekalb County on July 26, 2016 (doc. 1 at 10-11). Currently pending before the court are Ms. Brown's state court Motion To Dismiss (doc. 1 at 10-11); the United States' Notice of Substitution and Application for Order Thereon (doc. 2); and the United States' and Ms. Brown's (the "Defendants") Motion To Dismiss this case for lack of jurisdiction (doc. 3).

On September 9, 2016, the court entered an order which advised the parties that they must comply with Appendix III of this court's Uniform Initial Order. (Doc. 4). That same order also advised Ms. Phillips that any responsive motions should be filed no later than September 23, 2016. (*Id.*). To date, Ms. Phillips has not responded to any of the three currently pending Motions. The time for a response has now passed, and each of these Motions is now ripe for disposition.

As explained below, Plaintiff's claims may be asserted only in federal court and only against the United States. Further, tort claims brought against the United

---

is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

**(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

States must comply with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (1988). Therefore, the United States is due to be **SUBSTITUTED** as the named defendant in this action. As Ms. Phillips has failed to satisfy the FTCA's jurisdictional prerequisites, this action is due to be **DISMISSED**.

## II. ANALYSIS

As a starting point, a district court may dismiss a complaint without prejudice for failing to respond to a motion to dismiss. *Arundar v. DeKalb County School Dist.*, 620 F.2d 493, 495 (5th Cir. 1980). But, in the interest of completeness, the court will explain why the Motion To Substitute Party (doc. 2) and Motion To Dismiss for Lack of Jurisdiction (doc. 3) are due to be granted.

### A. The United States Is the Only Party That Can Be Sued for Plaintiff's Claims Pursuant to 28 U.S.C. § 2679

In its Notice of Substitution and Application for Order Thereon (doc. 2), the United States requests that the court substitute the United States for Ms. Brown with respect to Ms. Phillips's causes of action. The United States relies upon the FTCA, which provides "'redress for ordinary torts recognized by state law'" that are committed by the United States. *Stone v. U.S.*, 373 F.3d 1129, 1330 (11th Cir. 2004) (citing *Ochran v. U.S.*, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA was amended by the Federal Employees Liability Reform and Tort Compensation Act of

3

1988, §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988), codified as 28 U.S.C. § 2679, to provide that a suit against the United States is the exclusive remedy for individuals seeking damages resulting from the "negligent or wrongful act of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

Sections 2679(d)(1) and (d)(2) provide that, upon certification that the federal employee was acting within the scope of his or her office or employment at the time that the state law claims arose, the action will be deemed to be brought against the United States, who will be substituted as the sole defendant with respect to those claims. 28 U.S.C. § 2679(d)(1-2). Further, the action against the United States is exclusive of any other civil action for money damages by reason of the same subject matter against that employee. 28 U.S.C. § 2679(b)(1).

United States Attorney Joyce White Vance has certified, pursuant to Section 2679(d)(1), that Ms. Brown was acting within the scope of employment of the U.S. Postal Service, an agency of the United States, at the time of the incident out of which Ms. Phillips's claim arose. (Doc. 2 at Ex. 1, 6-7).[2] Therefore, the United States will

---

[2] Certification authority has been delegated to United States Attorneys. *See* 28 C.F.R. § 15.3(a) ("The Federal employee's employing Federal agency shall submit a report to the United States Attorney for the district embracing the place where the civil action or proceeding is brought fully addressing whether the employee was acting within the scope of his office or employment within the federal government at the time of the incident out of which the suit arose . . . .").

be substituted for Ms. Brown as the sole defendant.[3] This action will hereafter proceed against the United States as the defendant in lieu of Ms. Brown, and the caption of the above-styled cause is changed to reflect the United States of America as the sole named defendant.

### B. Claims Against the United States May Only Be Brought in Federal Courts

Under 28 U.S.C. § 1346(b)(1), federal courts have exclusive jurisdiction over civil actions against the United States for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). As above explained, this action proceeds against the United States as the sole named defendant in lieu of Ms. Brown. Ms. Phillips seeks to recover in a civil action sounding in tort against the United States for the alleged negligent or wrongful act committed by Ms. Brown in the scope of her employment as a U.S. Postal Service employee. Therefore, this action may only be brought in

---

[3] Ms. Brown's state court-filed Motion To Dismiss similarly alleges that Ms. Brown was working within the scope of her employment with the U.S. Postal Service; that all claims against U.S. Postal Service employees must be filed pursuant to the FTCA; that jurisdiction is not proper in state court; and that plaintiff has failed to include the United States and/or the postal service as a necessary and indispensable party. (Doc. 1 at 10, ¶¶ 1-4).

federal court.

### C. This Court Lacks Jurisdiction Over This Action Because the Plaintiff Failed To Exhaust her Administrative Remedies Under the FTCA

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. It has been noted that

> [u]nder a Rule 12(b)(1) motion, a claim may be challenged both facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir.1999). According to the Eleventh Circuit, facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *Id.* (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (punctuation omitted). The Eleventh Circuit has instructed that "[i]n response to a factual attack, a court should dismiss the complaint for lack of subject matter jurisdiction where the federal claim is clearly immaterial or insubstantial." *Id.* (punctuation omitted). In factual subject matter jurisdictional attacks, this Court need not take the allegations in the complaint as true. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir.2011) *cert. denied*, ––– U.S. –––, 132 S.Ct. 2379, 182 L.Ed.2d 1051 and *cert. denied*, 132 S.Ct. 2380 (U.S.2012) and *cert. denied*. Rather, the Court may "independently weight the facts and is not constrained to view them in the light most favorable to the non-movant." *Id.*

*Bohenkamp v. JT Private Duty Home Care, LLC*, 2014 WL 6722505, at *1-2 (M.D. Fla. Nov. 28, 2014). The instant motion is a factual attack.

The Eleventh Circuit has explained:

> "The FTCA is a specific, congressional exception" to the United States' sovereign immunity for tort claims, under which the government may "be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir.1994) (per curiam). However, this waiver "must be scrupulously observed, and not expanded, by the courts." *Id.* A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues . . . accompanied by a claim for money damages in a sum certain." *Dalrymple v. United States,* 460 F.3d 1318, 1324 (11th Cir.2006) (citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)). . . . Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," the district court lacks subject matter jurisdiction over prematurely filed suits. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

The United States premises its Motion upon Ms. Phillips's failure to provide administrative notice of her claim as jurisdictionally required under the FTCA. (*See, e.g.*, Doc. 3 at 2) ("The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.*, is a limited waiver of the general sovereign immunity of the United States. One of the limitations is that no tort action can be instituted against the United States until an administrative tort claim has been filed with the appropriate federal agency.") (citing 28 U.S.C. § 2675(a)). The United States is correct.

Further, the administrative notice requirement of 28 U.S.C. § 2765 "'is

jurisdictional and cannot be waived.'" *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237 (11th Cir. 2002) (citing *Lykins v. Pointer Inc.*, 725 F.2d 645, 646 (11th Cir. 1984)). Section 2675(a) is satisfied if the claimant "(1) gave the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) stated a sum certain as to the value of the claim." *Orlando Helicopter Airways v. U.S.*, 75 F.3d 622, 624-25 (11th Cir. 1996) (citing *Free v. United States*, 885 F.2d 840, 842 (11th Cir.1989)). In *Orlando Helicopter*, the Eleventh Circuit agreed with the district court that it lacked subject matter jurisdiction over the FTCA claim because the notice there "fail[ed] to give the government sufficient information to investigate alleged misconduct on the part of government officials." 75 F.3d at 626.

    Here, Ms. Phillips has made <u>no</u> allegations that she has provided <u>any</u> notice as mandated by the FTCA. Additionally, the declaration of Kimberly A. Herbst ("Herbst Decl."), a Tort Claims Examiner/Adjudicator with the U.S. Postal Service National Tort Center, establishes that no claim filed by or on behalf of Ms. Phillips was found either in the "Postal Service Law Department records of administrative tort claims submitted for evidence of an administrative claims" or the "Postal Service tort claim coordinator database records of administrative tort claims received at the local level for evidence of an administrative claim." (Doc. 3-1 at 2, ¶ 4-6).[4] Therefore, Ms.

---

[4] Page references to Doc 3-1 correspond with the court's CM/ECF numbering system.

Williams's cause of action is due to be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## III. CONCLUSION

Accordingly, the United States is hereby **SUBSTITUTED** in this action for Ms. Brown. Ms. Brown's Motion To Dismiss filed in state court is hereby **TERMED** as **MOOT**. By separate order, the United States' **MOTION TO DISMISS** (doc. 3) is due to be **GRANTED**, and this case is due to be **DISMISSED WITHOUT PREJUDICE**.[5]

**DONE** and **ORDERED** this 28th day of October, 2016.

                                                      */s/ VEHopkins*
                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge

---

[5] As noted by the United States in its Motion, this dismissal is "without prejudice to [Ms. Phillips's] right to file an administrative claim, **provided** that [she] meets the timeliness requirement. 28 U.S.C. § 2679(d)(5)." (Doc. 3 at 3 fn. 2)(parenthetical omitted; emphasis in original).